UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEONTE D WRIGHT SR,
    Plaintiff,

v.                                                           Case No.: 3:23cv4798/MCR/ZCB

OFFICE OF THE PUBLIC
DEFENDER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. Presently before the Court is Plaintiff's First Amended Complaint. (Doc. 9). The Court is statutorily required to screen Plaintiff's First Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). Having reviewed the First

Amended Complaint, the Court believes dismissal is warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).[1]

## I.   Background

Plaintiff names two Defendants—the Office of the Public Defender in Pensacola, Florida, and Assistant Public Defender Bonnie H. Staples.  The allegations involve Defendant Staples' representation of Plaintiff in a state court criminal matter.  (Doc. 9 at 2-3).  Plaintiff alleges Defendant Staples submitted a "NGI Plea Notice without [Plaintiff's] permission," was not present for one of Plaintiff's court dates, made contradictory statements in a hearing, and did not sign Plaintiff's petitions for habeas corpus relief.  (*Id.* at 6-7).  In short, Plaintiff alleges he received "[i]neffective assistance of counsel."  (*Id.* at 6).  Plaintiff also claims his Fourteenth and Sixth Amendment rights were violated by Defendants' conduct.  (*Id.*).  As relief, Plaintiff seeks actual and punitive monetary damages.  (*Id.* at 9).

---

[1] Plaintiff was provided with an opportunity to amend his complaint when a prior version was found deficient.  (*See* Doc. 8).  The Court pointed out the deficiencies in Plaintiff's complaint and instructed him to correct them in an amended complaint.  (*Id*).  Although Plaintiff has filed the First Amended Complaint, he has not corrected the deficiencies previously identified.  Thus, dismissal is warranted.  *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

## II. Discussion

Plaintiff's First Amended Complaint should be dismissed because it fails to state a claim upon which relief may be granted. To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As noted above, Plaintiff has named the Office of the Public Defender in Pensacola, Florida, and Assistant Public Defender Bonnie H. Staples, as Defendants. The Court has already advised Plaintiff that, for purposes of § 1983, public defenders are not acting under color of state law while carrying out their representation of a criminal defendant. (*See* Doc. 8 at 6) (citing *Dwyer v. Office of Crim. Conflict & Civ. Reg'l Counsel*, No. 3:11cv337, 2012 WL 4758137, at *5 (N.D. Fla. Aug. 30, 2022) (holding that because the public defender defendants did not act under color of state law in their representation of the plaintiff, the plaintiff could not proceed in his § 1983 action against them); *Desalvo v. Public Defender's Office*, No. 3:11cv420, 2011 WL 5025980, at *2 (N.D. Fla. Sept. 20, 2011) (dismissing the inmate's civil rights action against the Public Defender's Office because the public defender did not act under color of state law when he allegedly failed to

3

communicate with the inmate during representation)). Despite the Court's prior advisement, Plaintiff has submitted an amended complaint that once again names as Defendants a public defender and the Office of the Public Defender.

Section 1983 provides a remedy when a person acting under color of state law deprives the plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or federal law. 42 U.S.C. § 1983. A plaintiff cannot recover under § 1983 against a defendant who was not acting under color of state law. *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013).

While Plaintiff alleges Defendants, and in particular, Defendant Staples, acted under color of state law by "abus[ing] the position given . . . by the state," that allegation is insufficient to state a plausible claim for relief under § 1983. That is so because "a state-appointed public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Moore v. Bargstedt*, 203 F. App'x 321, 323 (11th Cir. 2006) (cleaned up); *Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (affirming dismissal because "public defenders . . . are not state actors for purposes of § 1983"); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (cleaned up) (stating that the plaintiff's allegations against "the public defender do not state a claim under section 1983 as [the public defender] did not act under color of state law"). Plaintiff's

4

amended complaint provides no basis for concluding that the rule cited above does not apply here.

Although Plaintiff says the public defender Defendants acted under color of state law in this case, the law clearly says otherwise. Because Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted against Defendants, it is subject to dismissal under 28 U.S.C. § 1915A(b)(1).[2]

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915A(b)(1).

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 8th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] Plaintiff is advised that there are other legal avenues for raising an ineffective assistance of counsel claim. Those may include state postconviction proceedings and federal habeas corpus proceedings. But the proper avenue is not a § 1983 action against the allegedly ineffective attorney. *See generally Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (explaining that "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action").

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**